995 F.2d 306
 301 U.S.App.D.C. 406
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Miguel PROFETA, Appellant.
 No. 91-3224.
 United States Court of Appeals, District of Columbia Circuit.
 May 20, 1993.
 
 Before: WALD, RUTH B. GINSBURG and SILBERMAN, Circuit Judges
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's sentence be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant claims entitlement to an evidentiary hearing concerning the government's decision not to move for downward departure pursuant to United States Sentencing Guideline § 5K1.1 or 18 U.S.C. § 3553(e). As the district court correctly indicated, however, appellant failed to make a showing of prosecutorial bad faith sufficient to warrant such a hearing. See Wade v. United States, 112 S.Ct. 1840, 1844 (1992) ("a defendant has no right to ... an evidentiary hearing unless he makes a substantial threshold showing [of improper motive]") (internal quotation marks omitted); United States v. Khan, 920 F.2d 1100, 1106 (2d Cir.1990) (the defendant must "mak[e] a showing of bad faith sufficient to trigger [a] hearing"), cert. denied, 111 S.Ct. 1606 (1991). The district court, crediting the government's explanation and based on its own observation, concluded that appellant had not testified truthfully at the trial of his co-defendants. The court ruled, consequently, that the prosecutor acted in good faith in refusing to file a downward departure motion. We have no warrant to disturb the district court's credibility assessment. See United States v. Knights, 968 F.2d 1483, 1488 (2d Cir.1992) (no hearing necessary if district court's finding of good faith is based on explicit determination that defendant testified falsely).
 
 
 5
 Nor was appellant entitled to specific performance of the plea agreement. Paragraph 8 of that agreement provided that if the appellant knowingly testified falsely, such conduct would constitute a material breach, allowing the government to terminate the agreement. The district court determined that appellant had indeed testified untruthfully at the trial of his co-defendants; appellant thus materially breached the plea agreement, justifying the government's refusal to file a motion for downward departure. See id. ("[Defendant] also agreed to testify truthfully, and if he failed to do so, the government was, of course, fully justified in refusing to make the substantial-assistance motion."). Even assuming, arguendo, that the government had failed to advise the district court of the full nature, extent and value of appellant's cooperation, as provided in paragraph seven of the agreement, such failure also would have been justified by reason of appellant's material breach of the agreement.